JUDGE KATHLEEN CARDONE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2019 FEB -6  PM 1: 57

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO.  EP-19-CR- |
|  | § | |
| Plaintiff, | § | S E A L E D |
|  | § | |
| v. | § | I N D I C T M E N T |
|  | § | |
| JORGE LUIS SANCHEZ MORALES (1), | § | **CT 1:**  21:846 & 841(a)(1)-Conspiracy to |
| a.k.a.  Pedro Hernandez | § | Possess a Controlled Substance with Intent |
| a.k.a. "Pepe" | § | to Distribute; |
| a.k.a. "Capulina" | § | **CT 2:**  21:963-Conspiracy to Import a |
|  | § | Controlled Substance; |
|  | § | **CT 3:**  21:846 & 841(a)(1)-Conspiracy to |
|  | § | Possess a Controlled Substance with Intent |
|  | § | to Distribute; |
|  | § | **CT 4:**  21:963-Conspiracy to Import a |
|  | § | Controlled Substance; |
|  | § | **CT 5:**  21:846 & 841(a)(1)-Conspiracy to |
|  | § | Possess a Controlled Substance with Intent |
|  | § | to Distribute; |
|  | § | **CT 6:**  18:1956(h)-Conspiracy to Commit |
|  | § | International Money Laundering; |
| Defendants. | § | **CT 7:**  18:1956(h)- Conspiracy to  Launder |
|  | § | Monetary Instruments; |
|  | § | |
|  | § | **Notice of Government's Demand for** |
|  | § | **Forfeiture** |

THE GRAND JURY CHARGES:

# EP19CR0308

## COUNT ONE
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(ii))

That beginning on or about January 1, 2002 and continuing through and including the date

of this indictment, in the Western District of Texas, the Northern District of Georgia and elsewhere

Defendant,

**JORGE LUIS SANCHEZ MORALES (1),**
**a.k.a.  Pedro Hernandez**
**a.k.a. "Pepe"**
**a.k.a. "Capulina"**

Rev. 2017-11-30

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed, with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved cocaine, a Schedule I Controlled Substance, with intent to distribute same, in violation of Title 21, United States Code, Sections 841(a)(1) and the quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT TWO**
(21 U.S.C. §§ 963, 952(a), 960(a)(1) & 960(b)(1)(B)(ii))

That beginning on or about January 1, 2002 and continuing through and including the date of this indictment, in the Western District of Texas, the Northern District of Georgia and elsewhere Defendant,

**JORGE LUIS SANCHEZ MORALES (1),**
**a.k.a. Pedro Hernandez**
**a.k.a. "Pepe"**
**a.k.a. "Capulina"**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) and the quantity of cocaine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more of a mixture or substance containing a detectable

amount of cocaine, all in violation of Title 21, United States Code, Sections 963, 952(a), 960(a)(1) and 960(b)(1)(B)(ii).

## COUNT THREE
### (21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about January 1, 2013 and continuing through and including the date of this indictment, in the Western District of Texas, the Northern District of Georgia and elsewhere Defendants,

**JORGE LUIS SANCHEZ MORALES (1),**
**a.k.a.  Pedro Hernandez**
**a.k.a. "Pepe"**
**a.k.a. "Capulina"**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| JORGE LUIS SANCHEZ MORALES (1) | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT FOUR
(21 U.S.C. § 963, 952(a) & 960(a)(1))

That beginning on or about January 1, 2013 and continuing through and including the date

of this indictment, in the Western District of Texas, the Northern District of Georgia and elsewhere

Defendants,

**JORGE LUIS SANCHEZ MORALES (1),**
**a.k.a.  Pedro Hernandez**
**a.k.a. "Pepe"**
**a.k.a. "Capulina"**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **JORGE LUIS SANCHEZ MORALES (1)** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |

| | | |
|---|---|---|
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |
| | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine | 960(b)(1)(H) |

All in violation of Title 21, United States Code, Section 963.

## COUNT FIVE
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B)(vii))

That beginning on or about September 22, 2016 and continuing through September 29, 2016, in the Western District of Texas, Defendant,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and the quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii).

Rev. 2017-11-30

## COUNT SIX
(18 U.S.C. § 1956 (h) & 1956(a)(2)(A))

That beginning on or about September 1, 2015 and continuing through and including on or about March 31, 2016, in the Western District of Texas, the Northern District of Georgia and elsewhere, Defendants,

### JORGE LUIS SANCHEZ MORALES (1),
a.k.a. Pedro Hernandez
a.k.a. "Pepe"
a.k.a. "Capulina",

did knowingly conspire, confederate, and agree together and with other persons to the Grand Jury known and unknown to commit offenses against the United States, that is, to violate Title 18, United States Code, Section 1956(a)(2)(A), to wit: to knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments, such monetary instruments consisting of United States currency and money orders from a place in the United States, that place being within the Northern District of Georgia, and to the Western District of Texas, to a place outside the United States, that place being Mexico; with the intent to promote the carrying on of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Sections 846,

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT SEVEN
(18 U.S.C. §§1956(a)(1)(A)(i) & (B)(i) & (ii) & (h))

That beginning on or about September 1, 2015 and continuing through and including on or about March 31, 2016, in the Western District of Texas, the Northern District of Georgia and elsewhere, Defendants,

**JORGE LUIS SANCHEZ MORALES (1),**
**a.k.a.  Pedro Hernandez**
**a.k.a. "Pepe"**
**a.k.a. "Capulina",**

did knowingly conspire and agree with each other and others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, such property being, in fact, the proceeds of a specified unlawful activity, to wit: conspiracy to possess with the intent to distribute a controlled substance:

a.  with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the source, the ownership, and the control of the proceeds of said specified unlawful activity,  in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c. knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under State or Federal Law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(a)(1) & (h).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Forfeiture Statutes for Drug Violations
**[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), & (b)(1)(B)(vii), 963 and 952(a),**
**subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Counts One through Five, the United States gives notice to Defendants **JORGE LUIS SANCHEZ MORALES (1) a.k.a.**

**Pedro Hernandez a.k.a. "Pepe" a.k.a. "Capulina,"**

of its intent to seek the forfeiture of certain properties

upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which

state:

> **Title 21 U.S.C. § 853.  Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
>     \* \* \*
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture seeks the forfeiture of all property, real and personal,

derived from proceeds obtained directly or indirectly as a result of committing the offenses

described herein, and/or used or intended to be used to commit or to facilitate the commission of

the offenses described herein.

**II.**
**Forfeiture Statutes for Money Laundering**
**[Title 18 U.S.C. § 1956(a)(2)(A), (a)(1)(A)(i), (B)(1), (ii) and (h),**
**subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the foregoing criminal violations set forth in Counts Six and Seven, the

United States gives notice to Defendants **JORGE LUIS SANCHEZ MORALES (1) a.k.a.**

**Pedro Hernandez a.k.a. "Pepe" a.k.a. "Capulina,"** of its intent

to seek the forfeiture of certain properties upon conviction pursuant to FED. R. CRIM. P. 32.2 and

Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982.  Criminal Forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United

States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture seeks the forfeiture of all property, real and personal, which constitutes, or is derived from any proceeds traceable to the specified unlawful activity or a conspiracy to commit the offenses described herein.

## Substitute Assets

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
GOVERNMENT ACT OF 2002
_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
         Assistant U.S. Attorney

Rev. 2017-11-30